IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al.*, | Case No. 1:17-cv-00635-JDB |
| Plaintiffs, | Judge John D. Bates |
| v. | |
| YAHOO! INC., *et al.*, | |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LAOGAI HUMAN RIGHTS ORGANIZATION'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Laogai Human Rights Organization ("LHRO"), by counsel, pursuant to F.R.Civ.P. 12(b), files this Reply Memorandum in Support of its Motion to Dismiss the Amended Complaint.[1]

Plaintiffs' Opposition fails to address in a meaningful way the key point of LHRO's Motion to Dismiss: that the Amended Complaint is devoid of practically any factual allegation connecting LHRO to any of plaintiffs' claims. There is a naked and unsupported legal conclusion that LHRO is a trustee of the invented trust, and there is an allegation that the LHRO agreed with the other defendants "that, notwithstanding the Trust's primary humanitarian purpose, and notwithstanding the obligations in the Settlement relating to that purpose, Trust assets would be permitted to be spent on other purposes in ways that would result in the primary humanitarian purpose being fundamentally violated, and in the Settlement being breached." That is the extent of the allegations pertaining to LHRO in the Amended Complaint; they do not state a plausible claim against LHRO.

---

[1] LHRO adopts the points and authorities contained in LRF's Reply Memorandum of Law, as the arguments therein apply equally to LHRO. LHRO replies separately because of grounds unique to LHRO that also require dismissal of the Complaint as to LHRO.

As noted at length in LRF's Reply Brief, the allegation of a trust and the allegation of a "primary humanitarian purpose" of such a trust are 1) legal conclusions and 2) utterly at odds with the actual provisions of the Yahoo Settlement, which Plaintiffs choose not to attach to their Amended Complaint.  LRF Reply at 4-7.  Again, there is no factual allegation to support this vague and conclusory claim; legal conclusions masquerading as facts do not meet plaintiff's pleading burden, *see Iqbal*, 556 U.S. at 678.  Likewise, the "spending on other purposes," i.e., LRF's operational and educational expenditures, is expressly permitted by the Yahoo Settlement and cannot therefore amount to some sort of conspiracy.  The alleged "primary humanitarian purpose" cannot be found in the Yahoo Settlement.

Moreover, the "Trust" that is purportedly breached is the 2007 Yahoo Settlement, However, LHRO is not even a party to that agreement.  AC, ¶¶ 26, 36, 40; *see* Dkt. 29-5.  The Opposition concedes that the Settlement was signed in November 2007, and LHRO did not even exist until June 18, 2009.  *See* Dkt. 29-4 at 13-18.  LHRO cannot be sued for breach of an agreement it did not enter, and could not have entered.[2]  *See Robinson v. Deutsche Bank Nat'l Tr. Co.*, 932 F. Supp. 2d 95, 110 n. 8 (D.D.C. 2013) (one cannot breach contract to which one is not a party); *Tri-Continent Int'l Corp. v. Paris Savings & Loan Ass'n*, 12 Cal. App. 4th 1354, 1359, 16 Cal. Rptr. 2d 508 (1993) (non-party to contract cannot be held liable for breach of contract).  The Opposition claims that LHRO is not being sued for breach of the Yahoo Settlement.  Opp. at 37, n.42.  But it is.  AC, ¶ 36 (defining the "Trust" as the Yahoo Settlement).

This second claim against LHRO, civil conspiracy, is not an independent cause of action under District of Columbia law.  Rather, it "depends on performance of some underlying tortious

---

[2] Likewise, LHRO cannot have any fiduciary duties from an agreement that it was not a party to and that was executed almost two years before LHRO's creation.  The Opposition can cite no factual allegation in the Amended Complaint, at all, as to how such a fiduciary relationship would ensue.

2

act." *Halberstam v. Welch*, 705 F.2d 472, 479 (1983); *see also Waldon v. Covington,* 415 A.2d 1070, 1074 n.14 (D.C. 1980) ("There is no recognized independent tort action for civil conspiracy in the District of Columbia."); *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002) ("Civil conspiracy, of course, is not actionable in and of itself."). There is simply no allegation in the Amended Complaint that LHRO committed any tort. Absent an allegation of a tort claim, or independent action of any kind by LHRO, it obviously could not as a matter of law have participated in a civil conspiracy to commit those unalleged torts.

As Counts I and VII are the only counts asserted against LHRO, and they do not state a claim against LHRO, LHRO must be dismissed as a defendant.

In addition to the pleading omissions detailed above, plaintiffs cannot sue LHRO as a matter of law. Plaintiffs lack standing to challenge the authority or acts of LHRO, a District of Columbia nonprofit corporation. In order to prevent vexatious challenges from the general public to the activities of non-profit corporations, the District of Columbia authorizes such legal challenges to the actions of the non-profit corporation only from the directors or members of the non-profits in question, or from the Attorney General of the District. *See* D.C. Code §29-403.04; *cf. Sibley v. St. Albans Sch.,* 134 A.3d 789, 802 n. 8 (D.C. 2016) (questioning whether appellant had standing under § 29-403.04 to contest acts of non-profit corporation).

The Opposition claims that the section is inapplicable because the Amended Complaint is not alleging that LHRO was acting *ultra vires.* This is not true. The doctrine of *ultra vires* encompasses corporate actions that are expressly prohibited by statute or by-law. *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi Ltd.,* 15 F. Supp. 2d 1, 7 (D.D.C. 1997), *aff'd*, 333 U.S. App. D.C. 46, 159 F.3d 636 (1998). The Amended Complaint asserts, albeit conclusorily, that LHRO has by taking unalleged actions, in unspecified ways, somehow

3

violated a statute, to wit, unnamed provisions of the D.C. Code, Sections 19-1301.01 *et seq*.  AC at 38.

Finally, plaintiffs' allegations fly in the face of District of Columbia statutes governing nonprofit corporations.  D.C. Code § 29-406.30 provides that the directors of nonprofit corporation, such as LHRO, are <u>not</u> trustees with regard to funds held by that corporation.  The Opposition says this is irrelevant.  Opposition at 14-15, n.15.  But the Amended Complaint expressly seeks to charge the current and former directors of LHRO in an alleged capacity as trustees of this imaginary trust, AC ¶¶ 27, 126 *et seq*., as "Doe defendants," *when that is expressly contrary to D.C. law*.  The best the Opposition can muster in its rambling response is that the statute's words do not really mean what they say.  Opposition at 14-15, n.15.

For the foregoing reasons, and those in codefendant LRF's Memorandum in Support, the Court should grant LHRO's Motion and dismiss plaintiffs' Amended Complaint in its entirety without leave to amend, to award LHRO its attorneys' fees and costs against plaintiff Ling Yu, and to grant such other relief as to the Court seems proper.

                Respectfully submitted,

                */s/  David I. Bledsoe*----------------------

                David I. Bledsoe
                DC Bar No. 422596
                600 Cameron Street
                Suite 203
                Alexandria, VA  22314
                703-379-9424
                703-684-1851(fax)
                bledsoelaw@earthlink.net

*/s/ George E. Kostel*--------------------

George E. Kostel
DC Bar No. 1000015
Email: georgekostel@impresalegal.com
Jason P. Matechak
DC Bar No. 461194
Email: jasonmatechak@impresalegal.com
Impresa Legal Group
3033 Wilson Boulevard,
Suite 700
Arlington, VA 22201
Telephone: (703) 842-0660
Facsimile: (703) 684-1851

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 28, 2017, I caused the foregoing document to be electronically filed with the clerk of the United States District Court for the District of Columbia using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

                                                       */s/  David I. Bledsoe*----------------------