**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HE DEPU, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00635-JDB |
| ) | |
| **YAHOO, INC., et al.** ) | Judge John D. Bates |
| ) | |
| **Defendants.** ) | **ORAL HEARING REQUESTED** |

**OPPOSITION TO PLAINTIFFS' RULE 59(E) MOTION TO ALTER JUDGMENT FROM DISMISSAL WITH PREJUDICE TO DISMISSAL WITHOUT PREJUDICE, AND OPPOSITION TO RULE 15(A) MOTION FOR LEAVE TO AMEND**

COMES NOW Defendant, Estate of Harry Wu (the "Estate"), by counsel, and in states as follows in support of its Opposition to Plaintiffs' Rule 59(e) Motion to Alter Judgment from Dismissal with Prejudice to Dismissal Without Prejudice, and Opposition to Rule 15(a) Motion for Leave to Amend.

**I.     Introduction**

Plaintiffs have filed two motions: 1) a motion to alter judgement from dismissal with prejudice to dismissal without prejudice pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and 2) a motion for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Neither have any merit. These motions are Plaintiffs' attempt to strike from the grave. The Court dismissed the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), supported by a comprehensive, compelling, and well-reasoned memorandum opinion. After suffering defeat and dismissal, Plaintiffs now ask the same Court for leave to file a Second Amended Complaint in order to cure endless deficiencies in their First Amended Complaint. The motions can be safely denied as wholly unsupported by the applicable standards of law.

Remarkably, Plaintiffs spend no more than a dozen lines on pages 3 and 4 of their motion discussing Rule 59(e).  The remainder of their brief is devoted to Rule 15(a), presumably because the standard is lower, and to distract the Court's attention to a fundamental problem.  Plaintiffs must first pass through the eye of the needle on Rule 59(e) before the Court can consider the Rule 15(a) arguments.  They cannot come close.

In addition to the arguments and authorities in this brief, the Estate relies upon and expressly incorporates the arguments, case authorities, and statutory authorities set forth in the respective Opposition Briefs filed by all other Defendants in this matter.

## II.    The Dismissal was Comprehensive and Overwhelming

Plaintiffs enjoyed the luxury of reviewing a massive amount of briefing in the multiple motions to dismiss their Complaint when they drafted and filed the First Amended Complaint. Nevertheless, the Court dismissed the First Amended Complaint on two grounds

First, the Court found that the Plaintiffs failed to plausibly state a claim for a charitable trust and thus dismissed the claims pursuant to Rule 12(b)(6).  The Court disagreed with the Plaintiffs' argument suggesting that the settlement between the Chinese dissidents and Yahoo created a trust because of the inclusion of the term "in trust" in the agreement.  In doing so, the Court found the Defendant's interpretation of the settlement consistent with well-established law. The Court agreed with the Defendants' view that the settlement is a contract, and that it did not expressly purport to be a trust document. The Court noted that the term "charitable beneficiary" appeared nowhere on the settlement contract.  Lastly, the Court agreed with the Defendants' position noting that the settlement did not clearly manifest an intent to create a charitable trust and hence could not overcome the presumption that the document's intent was plainly discernible within its four corners.

Alternatively, the Court dismissed the First Amended Complaint for lack of standing pursuant to Rule 12(b)(1). The Court began by noting the general rule with respect to charitable trusts: that only a public officer, like the Attorney General, has standing to sue to enforce the terms of a trust. Two exceptions to this general rule apply where the individual seeking to enforce the trust has a special interest in the trust or is a member of a small and distinct beneficiary class. Plaintiffs failed to show either of these exceptions applied in this case.

First, Plaintiffs could not show that they had as special interest in the trust because merely showing that they were potential beneficiaries was not enough. Second, Plaintiffs failed to show that they were members of a small, sharply defined, and numerically limited class. Indeed, Plaintiffs' own description of the proposed class included anyone who uses the internet to criticize the Chinese government. The Court noted that China has more than 700 million active internet users. This is the opposite of a small, sharply defined class.

The Court summarily disposed of the remaining claims for unjust enrichment and breach of settlement contract brought by Plaintiff Yu. These claims were barred by a previous release from liability and because they were insufficiently pled. Next, the Court moved onto to other claims brought by Plaintiff Yu. Here, the Court found that, although some claims were not barred by res judicata, others were. And those claims not barred by res judicata were barred by a previous release from liability. And even if Yu's claims were not barred by the release, they were insufficiently pled as they failed to identify the specific provision of the settlements that were allegedly breached. The claims for unjust enrichment failed to allege, as necessary in the face of an existing contract, that the contract was somehow invalid. Lastly, the last claim for civil conspiracy is not a cause of action under District of Columbia law. No claim survived.

**III.     A Rule 59(e) Motion is an Extraordinary Measure, and Cannot Be Met Here**

To observe that relief pursuant to Rule 59(e) is highly disfavored is an understatement. In the District of Columbia, "a timely Rule 59(e) motion deprives the judgment of finality." *Derrington-Bey v. D.C. Dep't of Corr.*, 309 U.S. App. D.C. 132, 39 F.3d 1224, 1225 (1994). As discussed quite recently in *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213 (D.C. Cir. 2018), Rule 59(e) is an "extraordinary measure" because it acts as a "limited exception to the rule that judgments are to remain final." *Id*. at 217.

This type of motion is wholly subject to the discretion of the Court. Moreover, the Court would need to find one of three factors: some intervening change in the controlling law, the availability of actual new evidence, or to correct either a clear error or to prevent manifest injustice. *Firestone v. Firestone*, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (1996). Plaintiffs cannot meet any of those three factors.

Federal courts have consistently held that Rule 59(e) motions are limited in what they can raise. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127-128 (2d ed. 1995)). Such a motion is "not a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403, 401 U.S. App. D.C. 263 (D.C. Cir. 2012).

Plaintiffs do not attempt to argue that there has been some change in controlling law. Plaintiffs do not make a serious argument that they suddenly have new evidence that they have not had for the past several years, and which they did not already have when they crafted and

filed the First Amended Complaint.  Instead, as reflected on page 4 of their brief, Plaintiffs simply state that it would be "clear error" to leave the dismissal undisturbed as a dismissal with prejudice.

Plaintiffs are wrong.  The memorandum opinion took great efforts to explain why the claims in the First Amended Complaint were not plausible.  As pled, the First Amended Complaint could not articulate non-speculative counts:

> That is, the complaint must include factual allegations that, when taken as true, rise above a "speculative level." *Twombly*, 550 U.S. at 555. It is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief [with] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (first alteration in original) (internal quotation marks omitted).

*Coburn v. Evercore Tr. Co., N.A.*, 844 F.3d 965, 968 (D.C. Cir. 2016).

Moreover, the Court had the benefit of all of the actual instruments and writings relied upon by Plaintiffs as support for their dubious theories of liability.  The Court can freely consider documents referenced in the Complaint where there is no question as to their authenticity.  *See e.g. Williams v. Amalgamated Transit Union Local*, 689, 2017 U.S. Dist. LEXIS 46371, *5 (D.D.C. Mar. 29, 2017).  The Court can also consider "matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim." *Ibrahim v. Mid-Atl. Air of DC, LLC*, 802 F. Supp. 2d 73, 75 (D.D.C. 2011).  No new conclusory pleading, magic words, or alternative formulaic wordings can change the writings that the Court has already reviewed, considered at length, and ruled upon.

The seriatim deficiencies in the First Amended Complaint cannot possibly be cured, as clear from the multiple grounds ruled upon by the Court, and from the additional dispositive defenses previously briefed but not squarely addressed in the memorandum opinion.

Furthermore, the new allegations would require the Court to suspend disbelief as to the nature, size, and specific characteristics of the proposed class of beneficiaries.  They have been transparently massaged into what Plaintiffs hope might pass muster this time.  The effort is wasted.  Paragraph 141 of the proposed Second Amended Complaint actually quotes a CECC document to the effect that there are "considerably more than 1,414 cases of current political and religious imprisonment in China."  Starting from an unknown, but large and growing number, Plaintiffs then engage in further speculation by applying a cut of 50% to 75% which is left unexplained.

Finally, standing remains a fundamental issue which Plaintiffs cannot meet, even under the twice amended set of allegations.  In *Himmelfarb v. Horwitz*, 536 A.2d 86, 92 (D.C. 1987), the Court held that a settled principle of trust law in the District of Columbia is that "the only parties with standing to challenge the administration of a private trust (at least where the settlor is deceased, as here) are the beneficiaries with an interest in the aspect challenged."  The newly fabricated set of features fail to create plausible standing.

**IV.    Conclusion**

WHEREFORE, Defendant Estate of Harry Wu stands by all arguments and authorities set forth in the previously filed Motions to Dismiss by all parties, and asks that the Court to deny the instant pair of motions, and for such further relief as the Court deems fair and just.

Dated: May 18, 2018						Respectfully submitted,

							PERRY CHARNOFF PLLC

							_____/s/ Mikhael D. Charnoff_____
							Mikhael D. Charnoff (#476583)
							1010 N. Glebe Road, Suite 310
							Arlington, VA 22201
							P:  703-291-6650
							F:  703- 563-6692
							mike@perrycharnoff.com
							*Counsel for Defendant Estate of Harry Wu*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, I caused a copy of the foregoing to be served electronically on all counsel for all parties by using the CM/ECF system of the United States District Court of the District of Columbia.

							PERRY CHARNOFF PLLC

							_____/s/ Mikhael D. Charnoff_____
							Mikhael D. Charnoff (#476583)
							1010 N. Glebe Road, Suite 310
							Arlington, VA 22201
							P:  703-291-6650
							F:  703- 563-6692
							mike@perrycharnoff.com
							*Counsel for Defendant Estate of Harry Wu*